IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**EDDIE MARCELLE WHEELER,**

    **Plaintiff,**

vs.                                                                 CASE NO. 1:03CV140-MMP/AK

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding pro se and in forma pauperis, bring this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. §2674, *et seq*. Defendant has filed a motion to dismiss (doc. 20), which included evidentiary material, and the motion was construed as a motion for summary judgment. (Doc. 23). Plaintiff was advised of his obligations in responding to a motion for summary judgment, and he has filed responses. (Docs. 22, 24, and 25).

**I.      Allegations of the second amended complaint (doc. 14).**

Plaintiff contends that he injured his jaw on November 21, 1999, and went to the emergency room at Doctors Memorial Hospital in Perry, Florida. X-rays were taken, but

the doctors said that there was not a fracture and he should seek treatment from Hamdan Ear, Nose & Throat Center. At this appointment, Dr. Hamdan told him he should get an MRI from Doctors Memorial and that he would need surgery as soon as possible. Apparently Dr. Hamdan identified four fractures in the jaw. Dr. Hamdan arranged with Dr. Wilt at the Veterans Hospital for a transfer that afternoon, but Dr. Wilt was gone when Plaintiff arrived and he was not admitted until the next day, December 4, 1999. For reasons Plaintiff did not understand he was discharged and rescheduled for surgery on December 9, 1999. During this delay, Plaintiff developed an infection. Plaintiff complains that his jaw did not come together right after the surgery, and he could not open it well enough to eat. He saw Dr. Graper at the Facial Institute, where he learned that he would require reconstruction surgery which was done on November 23, 2001, and was not completely successful because of scar tissue from the first surgery at the VA hospital.

Plaintiff claims that the doctors at the VA caused him to have scar tissue which has interfered with his recovery, unnecessarily extracted teeth, left his jaw dislocated, left loose screws and hardware at the repair site, all of which caused him two and one half years of pain and suffering. Plaintiff seeks 2 million dollars in damages, past and future medical bills, and compensation for the 8% disability rating assigned to him by Dr. Graper.

## II.     Standard of Review

In reviewing this case, the Court anticipated considering the matters which have been attached by Defendants to the motion to dismiss. Thus, under Rule 12(b), Federal

**No. 1:03cv140-mmp/ak**

Rules of Civil Procedure, the motion to dismiss was converted into a Rule 56 motion for summary judgment.

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record."  Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

**No. 1:03cv140-mmp/ak**

file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

### III.    Defendants' Rule 56(e) evidence

a)    Claim for Damage, Injury, or Death (doc. 20, exhibit 1)

Plaintiff filed an administrative claim on April 29, 2002, alleging that the VA operated on him on December 9, 1999, and pulled teeth that did not need to be pulled, left Plaintiff unable to chew, eat or open his mouth properly, which caused weight loss and damage to his appearance causing depression and low self-esteem.  Plaintiff claims that he did not become aware of the negligence of these doctors until he sought a second opinion from Dr. Graper between October and November 2001.

b)    Affidavit of Sue Meyer (doc. 20, exhibit 2)

Ms. Meyer is Regional Counsel for this area for the Department of Veterans Affairs and she has searched her files and found that Plaintiff did not file an

**No. 1:03cv140-mmp/ak**

administrative claim until May 2, 2002. This claim was denied on April 7, 2003, and his request for reconsideration was denied on June 27, 2003.

The letter dated April 7, 2003, denied Plaintiff's claim because it was filed over two years after his surgery and because there was lack of evidence of negligence in providing medical care to him. Specifically, the letter stated:

> The severe nature of the injury that you presented to the VA, and the delay before your presenting to the VA, were formidable challenges to your treatment course.

The letter denying his request for reconsideration dated June 27, 2003, also stated:

> Our review did not reveal that an employee of the Department of Veterans Affairs (VA) acting withn the scope of his or her employment caused injury to you by a negligent or wrongful act. Specifically, your alleged less than optimal outcome of the repair of your mandible fractures was not caused by VA substandard surgical or medical care. Therefore, this claim is denied.

### IV. Plaintiff's evidence

    a) <u>Court Order dated June 8, 2004</u>

Plaintiff argues that this Court has already determined the issue of timeliness and has attached the Court's order remanding this cause to the undersigned for further consideration. (Doc. 22, Exhibit A). The undersigned initially recommended that this matter be dismissed because Plaintiff failed to timely file his administrative claim. However, Plaintiff objected to the recommendation of dismissal claiming that he did not know about the negligence of the VA doctors until he sought and received a second opinion in November 2001. The district judge thus remanded this cause to the undersigned to determine "when Plaintiff realized that his continued problems were the

**No. 1:03cv140-mmp/ak**

result of scar tissue from the initial surgery instead of residual injuries from his initial accident. The date of that realization will mark the accrual of his medical malpractice claim."

   b) <u>Affidavit of Eddie Wheeler (doc. 24)</u>

Plaintiff has filed a sworn affidavit that "on the occasion of November 23, 2001, plaintiff submitted to reconstructive surgery. At this time plaintiff learned and realized that this need for surgery was a direct and proximate result of scar tissue from the initial surgery performed by the defendants herein."

   c) <u>Plaintiff's motion for summary judgment (doc.25)</u>

The Court advised the parties that it would treat the motion as an additional response to Defendant's motion. It has considered the motion and Defendant's response (doc. 27), which adds nothing to the determination at hand.

**V.** **Analysis**

   a) <u>Limitations Period</u>

The Federal Tort Claims Act (FTCA) provides that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). In a medical malpractice action under the FTCA, a claim accrues "when the plaintiff knows both the existence and cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute medical malpractice." <u>United States v. Kubrick</u>, 444 U.S. 111 (1979). <u>See</u> <u>also</u> <u>Price v. United States</u>, 775 F.2d 1491, 1494

**No. 1:03cv140-mmp/ak**

(11th Cir. 1985) (under FTCA claim for medical malpractice accrues when the Plaintiff is aware of both his injury and its connection with some act or omission of the defendant).

Defendant should have been on notice by the Court's previous ruling that the issue of when Plaintiff knew or should have known that the initial surgery may have caused his additional pain and jaw dysfunction was a crucial point for determination. Yet, the only "evidence" submitted by the Defendant on this point is an affidavit from Sue Meyer attesting to what the Court already knew, *i.e.* that Plaintiff filed his administrative claim over two years after the initial surgery.

Plaintiff has countered with his own affidavit that he did not know the defendant's actions were the cause of his continued pain and suffering until he underwent the second surgery in November 2001. Plaintiff has not provided any details about the two years following the surgery such as what his condition was specifically, whether he sought follow up treatment with the VA, or whether he was seen by any medical source until he visited Dr. Graper.[1] From the facts provided by the Plaintiff, it is entirely feasible that Plaintiff did not know that there was hardware left in his jaw or that his jaw remained dislocated until he had a second surgery, and he would therefore not have connected his injury (the continued pain and dysfunction, not the original fractures) to anything that had been done previously by the Defendant. Thus, the undersigned finds that Plaintiff's affidavit is sufficient to raise a genuine issue of material fact as to when his claim accrued and to preclude summary judgment on this point.

---

[1] Presumably, Plaintiff's VA medical records are available to the Defendant and could have been submitted with this motion if they supported Defendant's contention that Plaintiff should have been aware of his claim prior to the second surgery.

**No. 1:03cv140-mmp/ak**

b)      Failure to state a claim

Defendant argues that Plaintiff has failed to state two of the elements of a negligence claim, specifically that he has failed to show that a duty of care was owed to him or that it was breached.[2]  On the contrary, the undersigned is of the opinion that Plaintiff has stated a prima facie case of medical malpractice.  To establish a cause of action for medical malpractice/negligence the plaintiff must show that the defendant owed a duty of care to the plaintiff, that the defendant breached the duty, that the breach caused plaintiff's injury, and that damages are owed.  See Ewing v. Sellinger, 758 So.2d 1196, 1997 (Fla. 4th DCA 2000); Miller v. Foster, 686 So.2d 783, 783 (Fla. 4th DCA 1997); see also Cato v. West Florida Hosp., Inc., 471 So.2d 598, 600 (Fla. 1st DCA 1985).

Plaintiff alleges that he was referred to the VA by a private physician, Dr. Hamdan, who allegedly talked with Dr. Wilt at the VA and was told to send Plaintiff that afternoon.  Plaintiff presented that afternoon with a broken jaw and was told to return the next day because the physician had already left.  Plaintiff alleges that he returned the following day,  was admitted, and then abruptly discharged, and the surgery delayed for nearly a week.  Plaintiff claims that he was in severe pain and developed an infection during this delay.  Plaintiff then claims that he had continued pain and difficulty with using his jaw and sought additional treatment nearly two years later from a private

---

[2] Defendant makes this argument only generally and has wholly failed to explain why the VA doctors did not owe Plaintiff a duty of care.  It is not otherwise apparent to the Court under what possible factual scenario would a doctor not owe a duty of care to his patient.

**No. 1:03cv140-mmp/ak**

physician, Dr. Graper, who performed a second surgery. Plaintiff claims that Dr. Graper told him that problems with the initial surgery prevented him from fully correcting his jaw and presumably told him that screws and hardware had been left in the jaw, that he did not have to have certain teeth removed to perform the prior surgery, and that the jaw had been left dislocated. Taking Plaintiff's version of the facts as true, he has clearly stated the elements of a negligence claim and Defendant is not entitled to judgment as a matter of law.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion (doc. 20) be **DENIED**, and this cause remanded to the undersigned for entry of a scheduling order so that discovery can proceed and this matter can be set for trial.

**IN CHAMBERS** at Gainesville, Florida, this __18th__ day of May, 2005.


s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:03cv140-mmp/ak**