**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**EDDIE MARCELLE WHEELER,**

    **Plaintiff,**

v.                                                     **CASE NO. 1:03-cv-00140-MP-AK**

**UNITED STATES,**

    **Defendant.**

_____/

**O R D E R**

This matter is before the Court upon the filing of the following documents: Defendant's Response to Plaintiff's Motion to Compel (doc. 67) and Plaintiff's Response to Defendant's response. (Doc. 68). Defendant's filing is incorrectly styled. The Court has already ruled on Plaintiff's Motion to Compel and ordered that discovery requests be deemed served on that date. (Doc. 64). Thus, Defendant's response is really a response to Plaintiff's discovery requests, not the motion to compel, and as discovery it should not have been filed.

Plaintiff has now incorrectly filed a response to Defendant's response, which is actually a reply, which should not be filed without leave of court. (Doc. 68). In order to get the docket straight and to put these documents in a proper procedural posture, the Court will leave Defendant's response as filed, but address it in relation to Plaintiff's motion, which should be re-docketed as a motion to compel.

In its response, Defendant objects to Plaintiff's request for investigative reports prepared by Senior Attorney Ann Barnett. Defendant has responded that Ms. Barnett prepared no report, and the only report that was prepared during the pendency of this

action is protected by work product and attorney-client privilege.  This appears to be the only discovery request at issue since Defendant fully responded to the other discovery request.  Plaintiff's motion is less than specific and would otherwise be denied on this ground, except that Plaintiff is *pro se,* and because only one item can possibly be at issue, the Court would rather rule on it so this case can move forward.

Thus, Plaintiff's "response" shall be recast as a motion to compel the investigative reports, which Defendant claims are protected by privilege. Plaintiff has not shown sufficient grounds for bypassing the privilege or work product doctrine, and therefore the motion is denied.

Accordingly, it is

**ORDERED:**

1.  The Clerk is directed to leave Defendant's response (doc. 67) as filed, but the Court is herein treating it as a response to Plaintiff's discovery requests.

2.  The Clerk is directed to re-docket Plaintiff's response (doc. 68) as a motion to compel, which is herein **DENIED**.

**DONE AND ORDERED** this **29th** day of March, 2006

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 1:03-cv-00140-MP-AK*