IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDDIE MARCELLE WHEELER,

    Plaintiff,

v.                                              CASE NO. 1:03-cv-00140-MP-AK

UNITED STATES OF AMERICA,

    Defendant.

_____/

**O R D E R**

       This matter is before the Court on Doc. 81, Third Report and Recommendation of the Magistrate Judge, which recommends granting Defendant's motion for partial summary judgment and dismissing Plaintiff's claims against Defendant for medical care provided by Dr. Terkonda, Doc. 46, and recommends denying Defendant's motions for summary judgment for failure to procure expert testimony and lack of subject matter jurisdiction, Docs. 40 and 44.  The Magistrate Judge filed the Report and Recommendation on Tuesday, June 27, 2006.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), the Court must make a *de novo* review of those portions to which an objection has been made.  Both Parties have filed objections to the Magistrate's Report.  For the following reasons, the Magistrate's Report and Recommendation is adopted in part and declined in part.

**I.  Plaintiff's Objection to the Magistrate's Recommendation that Defendant's Motion for Partial Summary Judgment, Doc. 46, be Granted**

       The Court agrees with the Magistrate that Defendant's Motion for Partial Summary

Judgment, Doc. 46, should be granted.  The liability of the United States under 28 U.S.C. § 2674, the Federal Tort Claims Act (FTCA), for the actions of Dr. Raj Purush Terkonda is wholly predicated on an employment relationship between Dr. Terkonda and the Gainesville Veteran's Affairs Medical Center (VA).  Defendant states that Dr. Terkonda was actually employed by the University of Florida College of Medicine (UF), and worked at the VA solely as an independent contractor pursuant to a contract between UF and the VA.  This contract expressly states that physicians provided by UF to the VA "shall not be considered VA employees for any purpose."

Plaintiff objects to the Magistrate's recommendation, and states that even if Dr. Terkonda is an independent contractor, he was under the direct control of the VA.  Applying the "control test" of Logue v. United States, 412 U.S. 521 (1973), the Court agrees with the Magistrate that Dr. Terkonda was not an employee of the Defendant.  Because Dr. Terkonda, although working at the VA, was in fact employed and controlled by UF pursuant to the terms of his contract, he cannot be considered an employee of the United States.  Therefore, the Defendant cannot be held liable under the FTCA for the acts of Dr. Terkonda, and partial summary judgment is granted as to all of Plaintiff's claims related to the medical care provided by Dr. Terkonda.


**II.  Defendant's Objection to the Magistrate's Recommendation that Defendant's Motion for Summary Judgment**, **Doc. 40, be Denied**

In its Motion for Summary Judgment, Doc. 40, Defendant argues that because Plaintiff has failed to procure an expert to testify as to the prevailing professional standard of care, he cannot establish a *prima facie* case of negligence.  While the Court agrees with the Defendant that Plaintiff will need expert testimony to establish the standard of care at trial, the Court agrees with the Magistrate that Defendant has not met its burden of demonstrating the absence of a

genuine issue of material fact.

Defendant objects to the Magistrate's finding that the April 26, 2002, letter from Dr. Charles Graper serves as a contrary expert opinion to establish either the "prevailing professional standard of care" or a breach of the standard of care. Under Florida law, expert testimony is generally required to establish the standard of care in a particular medical field except when the breach is so obvious as to be apparent to persons of common experience. FLA. STAT. ch. 766.102. In his letter, Dr. Graper states that Plaintiff was "seen by another practitioner who did a unilateral reduction leaving the opposite side still dislocated," and that he performed surgery to remove hardware and loose screws. Doc. 65, ex. 1. Although Dr. Graper's letter alone would not constitute a contrary expert opinion at trial, the posture here is different.

Florida case law shows that summary judgment is generally disfavored in medical malpractice suits unless it can be conclusively shown that the non-movant cannot offer proof to support their position. See McCoy v. Hoffmeister, 435 So.2d 989, 990 (Fla. 5th DCA 1983). For the issue here–failure to procure expert testimony– the Florida cases on point state that summary judgment is appropriate only when the moving party conclusively demonstrates that the non-moving party is unable to produce an expert who will testify that the defendant was negligent. See Williams v. McNeil, 442 So.2d 269, 271 (Fla. 1st DCA 1983), Holl v. Talcott, 191 So.2d 40, 44-46 (Fla. 1966). Because Plaintiff has produced a letter from Dr. Graper that links the Defendant to the dislocation of Plaintiff's jaw and loose screws at the repair site, Defendant has not met the burden to demonstrate conclusively the inability of Plaintiff to produce an expert to establish the standard of care or breach thereof. Accordingly, Defendant's Motion for Summary Judgment, Doc. 40, is denied.

### III. Defendant's Objection to the Magistrate's Recommendation that Defendant's Motion for Summary Judgment for Lack of Subject Matter Jurisdiction, Doc. 44, be Denied

The Magistrate also recommends that Defendant's Motion for Summary Judgment for Lack of Subject Matter Jurisdiction, Doc. 44, be denied. Defendant presents numerous objections to the Magistrate's findings on this issue. First, Defendant objects to the statement in the Magistrate's Report that the Defendant stipulated to subject matter jurisdiction in this case in a prior discovery report. The Rule 26(f) report stated: "This Court has jurisdiction over this action pursuant to the Federal Torts Claims Act." Doc. 38 at 4. Although Defendant is correct that parties cannot neither give a court subject matter jurisdiction where it does not exist, nor waive any objection to a lack of such jurisdiction, the Magistrate does not suggest either possibility. After reaffirming its prior finding that the Plaintiff did not fail to exhaust administrative remedies, the Magistrate states that "Defendant has stipulated to the jurisdiction of this Court." Doc. 81 at 7. The Court takes this to mean that because Plaintiff's claim is timely, the Court has jurisdiction to hear the claim under the FTCA, which Defendant has previously agreed applies.

Defendant also objects to the refusal of the Magistrate to reconsider the issue of exhaustion of remedies in light of new evidence. The Magistrate's Reports states: "This Court has decided this issue and the question of exhaustion is closed. (See Doc. 31)." Id. Although Defendant is correct that a case must be dismissed whenever it appears that a court lacks subject matter jurisdiction, here this is not the case. The additional facts stated in Defendant's Motion for Summary Judgment, Doc. 44, merely flesh out the argument previously presented in Defendant's Motion to Dismiss, Doc. 20, that Plaintiff's claim accrued on the date of injury, December 9, 1999. In the Second Report and Recommendation, The Magistrate rejected

Defendant's Motion to Dismiss and stated that the Defendant had not provided enough evidence to challenge the critical issue: when the "Plaintiff knew or should have known that the initial surgery may have caused his additional pain and jaw dysfunction." Because the Magistrate did not explain why the newly presented evidence still does not warrant summary judgment, the Court will determine whether the additional evidence removes jurisdiction to hear this action.

The critical issue is when Plaintiff knew of the existence and the cause of his injury. The FTCA statute of limitations requires a plaintiff to present tort claims against the United States to the appropriate federal agency within two years after the claim accrues, which occurs "once the plaintiff discovers her injury is probably attributable to some act of those who treated her." Price v. United States, 775 F.2d 1491, 1491 (11th Cir. 1985), see also United States v. Kubrick. 444 U.S. 111 (1979). In its Statement of Undisputed Facts in Support of Defendant's Motion for Summary Judgment, Defendant lists the numerous visits between January 24, 2000, and May 2, 2001, during which Plaintiff sought treatment from VA doctors following the original surgery. Defendant states that Plaintiff knew of the existence and cause of his injury during these dates because he repeatedly told VA medical providers that he was having problems with his jaw–that his mouth would hardly open, that his jaw was shoved back, and that his teeth were not lined up. Doc. 45. In contrast, Plaintiff states in a sworn affidavit that he did not learn of the cause of his injury until he sought a second opinion from Dr. Graper between October and November 2001, and then underwent a second surgery. Doc. 24.

Defendant cites several cases from other circuits to support the proposition that Plaintiff's repeated opportunities to ask medical professionals about his continued pain demonstrate that the claim accrued before the visit to Dr. Graper. Dawkins v. United States, 208 F.3d 213 (6th Cir.

2000)(holding that a FTCA claim brought in 1999 for surgeries performed in 1955 and 1958 was untimely); Edwards v. United States, 1999 U.S. App. LEXIS 2688 (4th Cir. 1999). While Plaintiff's repeated visits to the VA following surgery may be relevant in evaluating whether he had actual or imputed knowledge of the injury and the critical fact of who injured him, the Court believes that several decisions from this circuit are more apposite.

In Burgess v. United States, the plaintiff suffered broken clavicles during birth, and permanent nerve damage was discovered twenty days after discharge from the hospital. The court found that the relevant starting point for the accrual of the FTCA action was not the broken bones, but rather the nerve damage resulting from the broken bones "since plaintiff's parents did not know of the existence of the injury until the physicians made them aware of it." 744 F.2d 771, 775 (11th Cir. 1984). In Chamness v. United States, 835 F.2d 1350 (11th Cir. 1988), plaintiff was diagnosed shortly after her birth with numerous disabilities, including profound mental retardation, but plaintiff's mother claimed that the cause of plaintiff's injuries were unknown until three years later. During plaintiff's birth, her mother had been given various drugs to assist delivery, one of which had caused plaintiff's mental retardation. The court, applying the second prong of Kubrick, stated that if the injury is the type whose cause is not apparent, and if the plaintiff has not been actively misled as to the cause of the injury, then the focus of the analysis is whether the plaintiff has exercised due diligence in uncovering the cause of their injury. The statute of limitations under the FTCA will not begin to run for a plaintiff until that plaintiff actually discovers, or in the exercise of due diligence should have discovered, the cause of their injury.

Although Plaintiff Wheeler repeatedly complained of problems with his jaw following

surgery on December 9, 1999, because these complaints mirrored the symptoms he experienced before surgery, the cause of his injuries may not have been readily apparent.  Plaintiff presented to Dr. Hamdam following the initial injury with complaints of pain, inability to close his mouth, and that his teeth did not fit right.  Doc. 65 at 5-7.  Because Plaintiff complained of the same problems during the repeated visits to the VA between 2000 and 2001, it is unlikely that he was put on notice that the acts of the Defendant were the cause of the pain, and thus he was not in "possession of the critical facts that he has been hurt and who ha[d] inflicted the injury." Kubrick, 444 U.S. 111, 122.  Indeed, a reasonable person instead could conclude that the initial surgery was not efficacious, rather than negligently performed.  As the Magistrate notes in the Second Report and Recommendation:

> From the facts provided by the Plaintiff, it is entirely feasible that Plaintiff did not know that there was hardware left in his jaw or that his jaw remained dislocated until he had a second surgery, and he would therefore not have connected his injury (the continued pain and dysfunction, not the original fractures) to anything that had been done previously by the Defendant.

Doc. 31 at 7.  The Court agreed with the Magistrate's analysis then, and the Court continues to agree with the Magistrate that summary judgment is not appropriate now because Plaintiff's affidavit is sufficient to raise a genuine issue of material fact as to when his claim accrued.

     This does not suggest any ruling on the merits of this issue, but only that at this time, Plaintiff has raised enough of a genuine issue of material fact to survive dismissal.  While Defendant has documented the numerous visits by Plaintiff to the VA following surgery, and the numerous complaints by Plaintiff to the treating physicians, nothing in the record shows that Plaintiff was in possession of the "critical facts" to warrant dismissal for lack of subject matter jurisdiction.  Therefore, Defendant's Motion for Summary Judgment, Doc. 44, is denied.

### IV: Defendant's Objection to Recommendation that Counsel be Appointed for Plaintiff

Defendant's final objection to the Magistrate's Report is the recommendation that counsel be appointed for Plaintiff, who has been proceeding *pro se*. Specifically, Defendant objects to the Magistrate's finding that "[o]nce counsel makes an appearance, new pleadings will need to be filed, and a new scheduling order entered, at which point expert witnesses will be named." Doc. 81 at 9. Defendant argues that because it is ready to proceed to trial, the initial injury occurred over five years ago, and discovery has already concluded, it would be prejudiced by such appointment . Additionally, Defendant states that Plaintiff's case is not so exceptional or difficult as to justify appointment of counsel.

This case has proceeded under the assumption that Plaintiff was treated by the employees of the Defendant, and therefore no other party was personally served and the United States was substituted as the sole defendant pursuant to 28 U.S.C. §2679. As stated previously, Plaintiff's attending surgeon, Dr. Terkonda, actually performed the surgery at issue in this case, but was not employed by the Defendant. Although Plaintiff has named other physicians in his amended complaint–Drs. Darby Marshall, John Westine, and Sivetha Collins–it is unclear from the record their role in this case, their relation to the Defendant, or any potential liability on their part.

The Court agrees with the Magistrate that "[n]arrowing Plaintiff's general claim of malpractice to specific medical personnel and attaching liability to the Defendant can only be accomplished by extensive and complicated discovery procedures far above the abilities of this pro se Plaintiff." Id. While the appointment of counsel for the Plaintiff would ensure streamlined discovery, fewer delays, and possibly a quicker resolution, the Court does not have the funds to hire a lawyer for the Plaintiff. Therefore, the Court declines to adopt the

Magistrate's recommendation that a lawyer be appointed for the Plaintiff.  Because of the new complexities of this case, the Court highly recommends that Plaintiff seek legal representation.  If Plaintiff does not have the resources to pay for lawyer, Plaintiff should contact the Florida Bar or a legal services organization to inquire into the possibility of a lawyer representing Plaintiff *pro bono*.

Therefore, after considering the objections to the Magistrate's Report, Defendant's motions for summary judgment, Docs. 40 and 44, must be denied at this stage because a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and this inference introduces a genuine issue of material fact.  Because the evidence shows that Dr. Terkonda is not an employee of the Defendant, partial summary judgment must be granted and all claims against Defendant based on the actions of Dr. Terkonda must be dismissed.  With the complexity this adds to this case, the Court again recommends that Plaintiff should seek legal representation so that this case may be efficiently resolved.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 81, is adopted and incorporated by reference in this order.

2. Defendant's motion for partial summary judgment, Doc. 46, is granted, and Plaintiff's claims against the Defendant under the FTCA for medical care provided by Dr. Terkonda are dismissed.

3. Defendant's Motion for Summary Judgment, Doc. 40, is denied.

4. Defendant's Motion for Summary Judgment for Lack of Subject Matter Jurisdiction, Doc. 44, is denied.

**DONE AND ORDERED** this <u> 6th</u> day of November, 2007

<u>       *s/Maurice M. Paul*           </u>
Maurice M. Paul, Senior District Judge
